IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE ANDREW BENAVIDES,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMAZON.COM, INC., DAVIS WRIGHT TREMAINE LLP,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:26-CV-01033-OLG-RBF |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-referenced case and pro se Plaintiff George Andrew Benavides' second amended Application to Proceed in District Court without Prepaying Fees or Costs, *see* Dkt. No. 10. Such Applications are automatically referred to a Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b) and the June 30, 2025, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed *in Forma Pauperis* for the San Antonio Division of the Western District of Texas.

For the reasons set forth below, Plaintiff Benavides' second Amended Application, Dkt. No. 10, should be **DENIED**. The information provided does not reflect that payment of costs and fees in this case would cause an undue hardship. Plaintiff Benavides should be directed to pay the filing fee on or before a date determined by the Court. If Plaintiff fails to pay the filing fee, his case should be **DISMISSED WITHOUT PREJUDICE** for failure to follow a court order and failure to comply with the filing-fee requirement.

**IFP Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $55.00.[1] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners).

When evaluating a request to proceed *in forma pauperis* ("IFP"), a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United State*s, 415 F.2d 1115, 1116 (5th Cir. 1969).

On April 10, 2026, the Court denied Plaintiff Benavides' original Application to Proceed IFP, Dkt. No. 1, after determining Benavides failed therein to demonstrate that imposition of the full filing fee would cause undue financial hardship. *See* Dkt. No. 4; *see also Startti*, 415 F.2d at 1116 (stating that a district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees). Specifically, Benavides' original Application declared under penalty of perjury that Benavides' sources of income include

---

[1] *See Fee Schedule*, W.D. TEX., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Dec. 1, 2023).

Social Security and Veterans Affairs benefits that total $5,068.30 per month. *See* Dkt. No. 1 at 3, 6. The original Application further indicated that Benavides has $1.00 in a checking or savings account and has monthly payments for housing, utilities, food, and other expenses totaling $3,536.38. *See id.* at 2. The Court on April 10, 2026, denied Benavides' original Application noting that "[a]n annual gross income of over $60,000 and monthly expenses that are approximately $1,500 below monthly income do not support a finding that imposition of the filing fee would cause an undue financial hardship." *See* Dkt. No. 4 at 2. Accordingly, the Court ordered Benavides to within 30 days either (1) pay the full filing fee or (2) submit an amended Application that demonstrates that paying the filing fee would cause undue financial hardship. *Id*. at 3.

Plaintiff Benavides did not pay the filing fee. Rather, on April 29, 2026, Benavides filed his first Amended Motion to Proceed IFP, Dkt. No. 7, through which Benavides states he is "unable to pay the filing fee . . . due to indigency." *Id.* ¶ 1. Benavides' first amended Application is devoid of any supplemental financial information on Benavides' alleged indigency. *See generally*, *id.* Benavides states only that he was granted leave to proceed IFP in an unrelated case before the United States Court of Federal Claims. *Id*. ¶ 2. The Court on May 14, 2026, again denied without prejudice the first amended Application because there is "nothing in Benavides' Amended Application that alters the Court's prior determination." *See* Dkt. No. 8 at 3. The Court's May 14 Order directed Benavides to within 21 days "either (1) pay the full filing fee or (2) submit a second amended Application to Proceed *in Forma Pauperis* that demonstrates that paying the filing fee would cause an undue financial hardship." *Id.* at 4. The Court specifically advised:

> If Benavides elects to submit a second amended Application, Benavides must provide supplemental financial information that informs the Court of the basis for his asserted inability to pay the full filing fee. Plaintiff Benavides is further advised that failure to properly respond to this Order (either by paying the filing fee or submitting a second amended IFP Application that demonstrates his inability to pay) will result in the Court recommending dismissal of the case under Federal

> Rules of Civil Procedure 16(f) and 41(b) for failure to follow a court order and want of prosecution.

*Id.*

Benavides again didn't pay the filing fee. Instead, on June 3, 2026, Benavides filed a second amended IFP Application. *See* Dkt. No. 10. Through the second amended Application, Benavides claims that his "verified financial records," which he attached thereto, "show that monthly expenses exceed income, leaving no discretionary funds for the $405 filing fee." *See id.* at 2. A review of the supplemental financial information provided by Benavides shows that imposition of the full filing fee would not cause Benavides undue hardship.

Recall that Benavides' original Application declared under penalty of perjury that Benavides' sources of income include Social Security and Veterans Affairs benefits that total $5,068.30 per month. *See* Dkt. No. 1 at 3, 6. The original Application also states that Benavides has no dependents. *See id.* at 2. Benavides' second amended Application, which is not declared under penalty of perjury, includes a list of Benavides' alleged monthly expenses that total $4,555.05, at least from what the Court can glean from the somewhat confusing document formatting. *See* Dkt. No. 10-1.

As an initial matter, an income of roughly $60,819.60 annually is significantly above the federal poverty guideline for a household of one. *See* Annual Update of the HHS Poverty Guidelines, 91 F.R. 1797-01, 2026 WL 104480 (Jan. 15, 2026) (setting an annual income of $15,960 as the poverty threshold for a household of one in the 48 contiguous states and the District of Columbia). And Benavides' monthly income, *see* Dkt. No. 1 at 3, 6, still exceeds his alleged monthly expenses as stated in his second amended Application by $513.25. *See* Dkt. No. 10-1.

Many of Benavides' listed monthly expenses also appear discretionary or are otherwise ambiguous and confusing. The second amended Application provides the following expenses:

$89.72 for a gym membership, $200.00 for "Children Allowance," $140.00 for "Grooming," and $197.95 for "Spectrum Cable/Internet." *See id.* These expenses appear discretionary rather than mandatory. *See e.g.*, *Berrios v. Cox*, No. 3:23-CV-00063-KC, 2025 WL 1146671, at *1 (W.D. Tex. Jan. 3, 2025) (treating housekeeping, annual memberships, and cable television as discretionary); *see also Ramsey v. NFI Indus.*, No. 3:21-CV-03217-S-BH, 2022 WL 707234, at *1 (N.D. Tex. Feb. 18, 2022) (treating recreation and credit card expenses as discretionary). Benavides further provides a monthly expense of $200.00 for "Business/nlfti" but the Court has no way of determining whether this expense is discretionary because it's unclear what this charge is for. *See* Dkt. No. 10-1 at 1-2. Benavides also inexplicably lists two monthly charges for gas including "Gas/Automobile" for $200.00 and "Unigas Gas" for $216.02. *See id.*

Ultimately, the Court has given Benavides several chances to either pay the full filing fee or file an IFP application that demonstrates that imposition of the $405.00 filing fee would cause undue financial hardship. *See* Dkt. Nos. 4 & 8. Benavides has failed to do so. The Court has no other option but to recommend that his Application be denied. If Plaintiff does not timely pay the filing fee, the District Court should dismiss this case for failure to follow a court order and failure to comply with 28 U.S.C. § 1914(a)'s requirement that all parties instituting a suit in federal court pay the filing fee.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that the second amended IFP Application, Dkt. No. 10, should be **DENIED**. Plaintiff Benavides should be directed to pay the filing fee by a date determined by the District Court subject to the Court's adoption of this

recommendation. If Plaintiff fails to pay the filing fee, his case should be **DISMISSED** for failure to follow a court order and failure to comply with the filing-fee requirement.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 16th day of June, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE